UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN MARIE BALL,** : | Civil No. 1:11-CV-1829 |
| **Plaintiff** : | |
| : | (Chief Judge Kane) |
| **v.** : | |
| : | (Magistrate Judge Carlson) |
| **BECKLEY, et al.,** : | |
| **Defendants** : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On November 4, 2011, Plaintiff Dawn Marie Ball filed an amended complaint against twenty defendants. (Doc. No. 14.) On December 13, 2011, Magistrate Judge Carlson filed a Report and Recommendation in which he recommended that the amended complaint be dismissed with prejudice as to Superintendent Giroux and that Plaintiff's request for a particular amount of unliquidated damages in the amount of $1.2 billion against each Defendant be stricken from the complaint. (Doc. No. 16.) On December 21, 2011, Plaintiff filed objections and a brief in support of those objections, dated December 15, 2011. (Doc. Nos. 19, 20.) Upon a review of Plaintiff's objections and after conducting a de novo review of the Report and Recommendation, the Court finds no error in Magistrate Judge Carlson's Report and Recommendation.[1]

---

[1] Plaintiff devotes the majority of her two-page brief to a personal attack on Magistrate Judge Carlson. The little she does devote to the substance of the Report and Recommendation, is limited to brief conclusory statements. The Court agrees with Magistrate Judge Carlson that Plaintiff's claim against Superintendent Giroux must be dismissed with prejudice, as the claim merely concerns the manner in which Superintendent Giroux processed Plaintiff's grievance. See Pressley v. Beard, 266 F. App'x 216, 218 (3d Cir. 2008) (concluding claims were properly dismissed against defendants "who were sued based on their failure to take corrective action when grievances or investigations were referred to them"). The Court further agrees that a claim for a specific damages amount runs afoul of Local Rule 8.1, which provides that the pleadings "shall not claim any specific sum where unliquidated damages are involved." M.D. Pa. L. R. 8.1. Because the $1.2 billion in damages against each Defendant concerns an unliquidated damages amount it is properly stricken.

**ACCORDINGLY**, on this 20th day of January 2012, **IT IS HEREBY ORDERED THAT** the Report and Recommendation (Doc. No. 16) is **ADOPTED**. Plaintiff's complaint is **DISMISSED WITH PREJUDICE** as to Superintendent Giroux and the specific dollar claim of $1.2 billion shall be **STRICKEN** from the complaint. This matter is referred to Magistrate Judge Carlson for all further proceedings.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania