**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAWN BALL, | : | CIVIL NO. 1:11-CV-1829 |
| | : | |
| Plaintiff, | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| | : | |
| LT. BECKLEY, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM  OPINION

### I.    Introduction

In the Prison Litigation Reform Act, Congress established a series of procedures relating to prisoner civil litigation in federal court, procedures "designed to filter out the bad claims and facilitate consideration of the good." Jones v. Bock, 549 U.S. 199, 204 ( 2007).  One critical component of these reforms calls upon federal courts to perform a gatekeeping function with respect to *pro se* inmates who repeatedly seek leave to proceed *in forma pauperis* while filing frivolous or meritless claims.  As part of this statutorily mandated process, we are obliged to screen civil complaints lodged by *pro se* litigants who wish to proceed *in forma pauperis*, deny such leave to prisoners who have on three or more prior occasions filed frivolous or meritless claims in federal court, and dismiss these inmate complaints, unless the

1

inmate alleges facts showing that she is in imminent damage of serious bodily harm. 28 U.S.C. §1915(g).

In the instant case, we are now called upon to perform this function, a function which is an integral part of these Congressional "reforms designed to filter out the bad claims and facilitate consideration of the good"in this field.  Jones v. Bock, 549 U.S. 199, 204 ( 2007)  The defendants have filed two motions to revoke the plaintiff's *in forma pauperis* status, (Docs. 51 and 58.), citing the dismissal of a series of lawsuits and appeals brought by Ball over the years.  This combination of dismissal orders compels us to address a specific question:  When a *pro se* litigant insists on pursuing wholly frivolous claims against judicial officers, who are absolutely immune from liability, does the dismissal of the plaintiff's claim as frivolous by both the district court and later by the court of appeals court as two separate strikes under §1915(g)'s three strike rule?

Following the majority rule adopted by the courts we find that each of these frivolous forays constitutes a separate strike under §1915(g).  We conclude, therefore, that, as of December 21, 2011, Ball has now incurred three strikes, a finding which requires that all future requests by Ball for *in forma pauperis* status be denied, unless Ball can show that the narrow, imminent danger exception to §1915(g) applies to her specific claims.

While we reach this legal conclusion, we are constrained, however, to deny this particular request to revoke Ball's *in forma pauperis* status since it appears that Ball filed the instant action prior to December 21, 2011, the date upon which her third strike became final.

## II.   Statement of Facts and of the Case

### A.   Dawn Ball's Litigation History

Dawn Ball is an inmate housed in the Restricted Housing Unit at the State Correctional Institution (SCI) Muncy, who by her own account suffers from a cascading array of severe mental illnesses, and who has candidly acknowledged that she is profoundly disturbed.  Ball v. Beard, No. 1:09-CV-845 (Doc. 42, pp.6-7.) Furthermore, Ball is also an inmate who has reported to the court that she engages in multiple episodes of destructive, self-defeating and senseless behavior.

Much of this institutional misconduct is marked by disturbing, excretory behavior.  Indeed, a constant refrain throughout many of Ball's lawsuits is her fascination with her own bodily wastes.  For example, recurring themes in Ball's lawsuits include Ball's penchant for smearing feces on herself, her clothes, her property, and her cell, as well as her destruction of her own clothing, and her use of her clothing to plug her toilet and flood her cell with water and human waste.  Ball v. Eiswerth, No. 1:08-CV-701(M.D.Pa.)  Ball is also, by her own admission, an

3

inmate with a propensity for sudden, explosive rages, as illustrated by the civil complaint which she has filed <u>Ball v. Barr</u>, No.1:11-CV-2240 (M.D.Pa.). In this complaint, Ball describes an episode in which a discussion regarding the aesthetic qualities of a piece of cornbread escalated in a matter of moments into a profanity-laced wrestling match over a food tray.

Ball is a prodigious federal court litigant, bringing numerous lawsuits based upon her perception of the events that take place around her in prison. Indeed, at present Ball currently has more than 25 lawsuits pending before this court.[1] Furthermore, Ball is a prodigiously unsuccessful litigant, who has had numerous prior

---

[1]<u>See, e.g.</u>, <u>Ball v. SCI Muncy</u>, No.1:08-CV-700 (M.D.Pa.); <u>Ball v. SCI-Muncy</u>, No. 1:08-CV-701 (M.D.Pa.); <u>Ball v. Hill</u>, No.1:09-CV-773 (M.D.Pa.); <u>Ball v. Beard</u>, No. 1:09-CV-845 (M.D.Pa.); <u>Ball v. Lamas</u>, No. 1:09-CV-846, (M.D. Pa.); <u>Ball v. Oden</u> , No 1:09-CV-847 (M.D.Pa.); <u>Ball v. Bower</u>, No. 1:10-CV-2561 (M.D.Pa.); <u>Ball v. Sisley</u>, No. 1:11-CV-877 (M.D.Pa.); <u>Ball v. Struther</u>, No. 1:11-CV-1265 (M.D.Pa.); <u>Ball v. Hummel</u>, No. 1:11-CV-1422 (M.D.Pa.); <u>Ball v. Beckley</u>, No. 1:11-CV-1829 (M.D.Pa.); <u>Ball v. Sipe</u>, No. 1:11-CV-1830 (M.D.Pa.); <u>Ball v. Craver</u>, No. 1:11-CV-1831 (M.D.Pa.); <u>Ball v. Powley</u>, No. 1:11-CV-1832 (M..D.Pa.); <u>Ball v. Cooper</u>, No. 1:11-CV-1833 (M.D.Pa.); <u>Ball v. Famiglio</u>, No. 1:11-CV-1834 (M.D.Pa.); <u>Ball v. Eckroth,</u> No. 1:11-CV-2238 (M.D.Pa.); <u>Ball v. Campbell</u>, No. 1:11-CV-2239 (M.D.Pa.); <u>Ball v Barr</u>, No. 1:11-CV-2240 (M.D.Pa.); <u>Ball v Giroux</u>, No. 1:12-CV-10 (M.D.Pa.); <u>Ball v Giroux</u>, No. 1:12-CV-11 (M.D.Pa.); <u>Ball v Curham</u>, No. 1:12-CV-12 (M.D.Pa.); <u>Ball v. Giroux</u>, No. 1:12-CV-812 (M.D.Pa.); <u>Ball v. Giroux</u>, No. 1:12-CV-813 (M.D.Pa.); <u>Ball v. Hummel</u>, No. 1:12-CV-814 (M.D.Pa.); <u>Ball v. D'Addio</u>, No. 1:12-CV-815 (M.D.Pa.) .

lawsuits and appeals dismissed either as frivolous or on the grounds that the lawsuit failed to state a claim upon which relief could be granted.

The history of repeated, frivolous and meritless litigation in federal court by this plaintiff began in March of 2008, when Ball filed a complaint in the case of Ball v. SCI Muncy, No. 1:08-CV-391 (M.D. Pa.)  On December 10, 2008, the District Court dismissed this civil action, citing Ball's failure to exhaust her administrative remedies, and stating that Ball:

> does not dispute that she failed to exhaust her administrative remedies with regard to the issues raised in the complaint. Plaintiff's failure to oppose the remaining Defendants' motion, which also seeks dismissal for failure to exhaust administrative remedies, renders the motion unopposed. See L.R. 7.6. It is clear that Plaintiff's claims are not properly before this Court and must be dismissed.

(Doc. 36, p.5.)

While, fairly construed, the district court's dismissal decision rested on exhaustion grounds, and did not entail an analysis of the merits of Ball's claims, the dismissal order itself went on to state that any appeal of this dismissal would be "deemed frivolous and not in good faith."   Ball v. SCI Muncy, No. 1:08-CV-391 (M.D. Pa.) (Doc. 36, p.6.)

Nonetheless, Ball appealed this ruling.  (Doc. 37.)  On July 22, 2010, the

United States Court of Appeals for the Third Circuit affirmed the dismissal of this

action, noting that:

> The District Court granted the Defendants' motions to dismiss, pursuant
> to Federal Rule of Civil Procedure 12(b)(6), on the grounds of failure to
> exhaust administrative remedies. We agree with the District Court's
> decision and accordingly affirm the dismissal of Ball's claims.

Ball v. SCI Muncy, No. 1:08-CV-391 (M.D. Pa.)(Doc. 44, p. 2-3.)  Thus, the court

of appeals' ruling, like the district court's decision, was expressly based upon Ball's

failure to exhaust her administrative remedies.

On May 5, 2009, Ball filed another civil action in the case of Ball v. Hartman,

No. 1:09-CV-844 (M.D. Pa.).  This action was also dismissed by the district court,

which on this occasion considered the merits of Ball's claims and explicitly

concluded that Ball had failed to state a claim upon which relief could be granted.

Ball v. Hartman, No. 1:09-CV-844 (M.D. Pa.) (Docs 32, 33, and 36).  Therefore, this

second dismissal involved a merits analysis of Ball's claims, and a determination that

Ball's complaint "fail[ed] to state a claim upon which relief may be granted." 28

U.S.C. § 1915(g).  Ball appealed this dismissal order, Ball v. Hartman, No. 1:09-CV-

844 (M.D. Pa.) (Doc 34.), but this dismissal was subsequently affirmed by the court

of appeals, on October 29, 2010.  Ball v. Hartman, No. 1:09-CV-844 (M.D. Pa.) (Doc. 48.)

Ball then filed yet another lawsuit in the case of Ball v. Butts, No. 1:11-CV-1068, (M.D.Pa.) on June 3, 2011.  Ball v. Butts, No. 1:11-CV-1068 (M.D.Pa.)(Doc. 1.)  In this action Ball chose to sue a state court judge, ignoring the well-settled legal doctrine that judicial officers are absolutely immune from liability for actions taken presiding over litigation.  Mireless v. Waco, 502 U.S. 9, 13 (1991).  On June 15, 2011, upon a screening review of this complaint, the district court dismissed this action for failure to state a claim upon which relief could be granted.  Ball v. Butts, No. 1:11-CV-1068 (M.D.Pa.)(Doc. 8.)

Ball appealed this dismissal. Ball v. Butts, No. 1:11-CV-1068 (M.D.Pa.)(Doc. 10).  On September 21, 2011, the court of appeals entered an opinion and order dismissing Ball's appeal as frivolous  pursuant to 28 U.S.C. § 1915(e)(2)(B).  That appellate court opinion and order spoke unambiguously regarding the frivolous nature of this particular lawsuit filed by Ball, stating in clear and precise terms that:

> Because we too have granted Ball leave to proceed IFP, we must screen this appeal to determine whether it is frivolous.  See 28 U.S.C. § 1915(e)(2)(B)(I). An appeal is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). This appeal lacks any such basis.  As the District Court adequately explained, immunity extends even to judicial acts that are "done maliciously," and Ball has alleged nothing suggesting that Judge Butts

acted in the "clear absence of all jurisdiction." <u>Gallas v. Supreme Court of Pa.</u>, 211 F.3d 760, 769 (3d Cir.2000) (citation and internal quotation marks omitted). To the extent that Ball's request for injunctive relief might not have been subject to dismissal under § 1915(e)(2)(B)(iii), it was subject to dismissal under § 1915(e)(2)(B)(ii) because such relief is not available against "a judicial officer for an act ... taken in such officer's judicial capacity" under these circumstances. 42 U.S.C. § 1983. Finally, we are satisfied that any amendment of Ball's complaint would be futile. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 111 (3d Cir.2002).  Thus, we will dismiss this appeal.

<u>Ball v. Butts</u>, No. 11-2862,  2011 WL 4375782, 1 (3d Cir. Sept 21, 2011)

With respect to the legal effect of this dismissal order as a "strike" under 28 U.S.C. §1915(g), as a matter of law:  "[A] strike ripens to be counted from the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ of certiorari expired, if he did not." <u>Smith v. V.A.</u>, 636 F.3d 1306, 1310-11 (10th Cir. 2011).  A litigant has 90 days to file a petition for writ of certiorari. 28 U.S.C. § 2101(c).  Where the prisoner did not file a direct appeal in a circuit court, a district court's dismissal counts as a strike from the date when his time to file a direct appeal expired.  <u>Smith</u>, 636 F.3d at 1311.  Here, Ball did not seek Supreme Court review of this final dismissal order.  Therefore, the appellate's court's dismissal of this action became a final order, which could be considered when assessing Ball's non-compliance with 28 U.S.C. §1915(g), on December 21, 2011.

Beyond these prior dismissals, Ball has also had a series of improvident interlocutory appeals dismissed by the United States Court of Appeals for the Third Circuit.  For example, in <u>Ball v. Muncy SCI-Inst.</u>, No.1:08-CV-701 (M.D.Pa.), on June 12, 2009, the court of appeals dismissed an interlocutory appeal lodged by the plaintiff.  <u>Ball v. Muncy SCI-Inst.</u>, 09-1367 (3d Cir.). ( Doc. 17, Exhibit H.) Likewise, in <u>Ball v. Hill</u>, No.1:09-CV-773 (M.D.Pa.), on October 6, 2010, the court of appeals dismissed another meritless interlocutory appeal taken by the plaintiff. <u>Ball v. Hill</u>, 10-1703 (3d Cir.)(Doc. 17, Exhibit I.)

However, this past history of repetitive, meritless and frivolous litigation by Ball actually understates dramatically the extent to which Ball has indulged in what has been determined to be pointless, meritless and often frivolous litigation.  Indeed, in addition to these fully-documented prior dismissal orders, Ball currently has at least eleven other cases[2]  pending before this court where there have been reports and recommendations issued, or adopted, calling for dismissal of claims.

---

[2] <u>Ball v. Eiswerth</u>, No. 1:08-CV-701(M.D.Pa.);  <u>Ball v. Beard</u>, No. 1:09-CV-845 (M.D.Pa.); <u>Ball v. Lamas</u>, No. 1:09-CV-846, (M.D. Pa.); <u>Ball v. Sisley</u>, No. 1:11-CV-877 (M.D.Pa.); <u>Ball v. Campbell</u>, No. 1:11-CV-2239 (M.D.Pa.); <u>Ball v Barr</u>, No. 1:11-CV-2240 (M.D.Pa.); <u>Ball v Giroux</u>, No. 1:12-CV-10 (M.D.Pa.); <u>Ball v Giroux</u>, No. 1:12-CV-11 (M.D.Pa.); <u>Ball v. Giroux</u>, No. 1:12-CV-812 (M.D.Pa.); <u>Ball v. Giroux</u>, No. 1:12-CV-813 (M.D.Pa.);  <u>Ball v. D'Addio</u>, No. 1:12-CV-815 (M.D.Pa.).

### B.   Ball's Current Lawsuit

### 1.   Factual Background

It is against the backdrop of this history of unsuccessful, unexhausted, feckless and meritless filings that Ball instituted the current lawsuit.  On October 5, 2011, Ball filed the instant *pro se* complaint.  (Doc. 1.)  Ball's initial *pro se* complaint named 21 defendants and alleged that a number of these defendants have denied Ball medical treatment while she has been housed in the Restricted Housing Unit at SCI-Muncy in August and September, 2011, or have harassed and physically harmed her by spraying her with OC spray, despite doctor's orders to refrain from employing such chemical agents.  (Doc. 1.)  After screening the complaint and dismissing a number of defendants and claims, on March 6, 2012, we granted Ball leave to proceed *in forma pauperis*, and ordered this complaint served.  (Doc. 30.)  The defendants have now moved to revoke this *in forma pauperis* status, citing the dismissal of Ball's prior lawsuits and appeals. (Docs. 51 and 58.)

We directed Ball to respond to these allegations by June 4, 2012.  (Doc. 55.) Ball has not complied with this motion response deadline.  Instead, Ball sought to stay all of her multi-faceted federal court litigation, in an apparent effort to delay or avoid rulings in these cases on many ripe defense motions.  (Doc. 62.)  Indeed, in this stay motion Ball endeavored not only to ignore the court's prior order setting a

briefing schedule in this case, but to try to ignore the court altogether by instructing the clerk's office to present the stay motion to another judge.  (Id.)  Furthermore, Ball's motion sought more than a stay of future litigation, she also demanded that all orders in all of her cases entered since April, 2012, be "revoked."  (Id.)  We denied this stay motion, (Doc. 64.), and Ball allowed her filing response deadline on the instant motion to lapse.  Thus, the motion is now ripe for resolution.

## II.   **Discussion**

### A.   **Guiding Principles–28 U.S.C. §1915(g)**

Defendants argue that the court should revoke Ball's *in forma pauperis* status under 28 U.S.C. § 1915(g), because she has at least three merits-based dismissals of other actions or appeals that Ball previously filed.

Section 1915(g) of the Title 28 of the United States Code provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The purpose of this "three strikes" provision was to restrain inmate abuses of the court system, and to deter the filing of multiple frivolous lawsuits by inmates.

See Abdul-Akbar v. McKelvie, 239 F.3d 307, 318 (3d Cir. 2001) ("[T]he legislation was aimed at the skyrocketing numbers of claims filed by prisoners – many of which are emotionally driven but legally deficient – and the corresponding burden those filings have placed on the federal courts."). The legislation was thus intended to serve "as a rational deterrent mechanism, forcing potential prisoner litigants to examine whether their filings have any merit before they are filed, and disqualifying frequent fliers who have failed in the past to carefully evaluate their claims prior to filing." Id. Notably, "the bar imposed by this provision does not preclude an inmate from bringing additional suits. It does, however, deny him or her the right to obtain *in forma pauperis* status." Gibbs v. Cross, 160 F.3d 962, 965 (3d Cir. 1998). Congress enacted 28 U.S.C. § 1915(g) with the express purpose of "[d]eterring frivolous prisoner filings in the federal courts [a goal which] falls within the realm of Congress' legitimate interests." Abdul-Akbar v. McKelvie, 239 F.3d 307, 318-19 (3d Cir. 2001). With this goal in mind, it is well-settled that, "generally, a prisoner may not be granted IFP [*in forma pauperis*] status if, on three or more occasions, he brought an action that was dismissed as frivolous," Brown v. City Of Philadelphia, 331 F. App'x 898, 899, (3d Cir.2009), and inmates who attempt to bring such lawsuits *in forma pauperis* should have their complaints dismissed. Id.

In determining whether a particular inmate-plaintiff has had three prior dismissals, or "three strikes," under §1915(g), we look to the status of the plaintiff's prior litigation history at the time she filed the current lawsuit. Thus, only dismissals which were actually ordered at the time of the filing of the instant case are counted towards a "three strike" assessment under §1915(g), and "[a] dismissal does not qualify as a 'strike' for § 1915(g) purposes unless and until a litigant has exhausted or waived his or her appellate rights.  See Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir.1999); Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir.1996)." Lopez v. U.S. Dept. of Justice, 228 F. App'x 218 (3d Cir. 2007).

Furthermore, with respect to determining when a dismissal order is ripe and counts as a strike against a *pro se* plaintiff, as a matter of law:  "[A] strike ripens to be counted from the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ of certiorari expired, if he did not." Smith v. V.A., 636 F.3d 1306, 1310-11 (10th Cir. 2011).  A litigant has 90 days to file a petition for writ of certiorari. 28 U.S.C. § 2101(c).  Where the prisoner did not file a direct appeal in a circuit court, a district court's dismissal counts as a strike from the date when his time to file a direct appeal expired. Smith, 636 F.3d at 1311.  However, in assessing when

13

a particular inmate plaintiff is subject to the gatekeeping provisions of § 1915(g), it is also clear that "lawsuits dismissed as frivolous prior to the enactment of the PLRA count as 'strikes' under § 1915(g). See Adepegba v. Hammons, 103 F.3d 383 (5th Cir.1996); Abdul-Wadood v. Nathan, 91 F.3d 1023 (7th Cir.1996); Green v. Nottingham, 90 F.3d 415 (10th Cir.1996)." Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143, 144 (3d Cir. 1997).

The grounds of dismissal cited by the court in its dismissal orders are also significant in this setting. Section 1915(g) provides that the preclusive effect of this three strikes rule only applies where each of the prior cases "was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. Focusing on this statutory text, courts generally agree that the dismissal of an inmate lawsuit simply for failure to exhaust administrative remedies doe not constitute a dismissal "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." Therefore, such dismissals are typically not considered strikes for purposes of §1915(g)'s three strikes rule. See, e.g., Tolbert v. Stevenson, 635 F.3d 646 (4th Cir. 2011); Turley v. Goetz, 625 F.3d 1005 (7th Cir, 2010); Tafari v. Hues, 473 F.3d 440 (2d Cir. 2007); Owens v. Isaac, 487 F.3d 561 (8th Cir. 2007); Green v. Young, 454 F.3d 405 (4th Cir. 2006); Henry v. Medical Dept. at SCI Dallas, 153 F.Supp. 2d. 153, 155 (M.D. Pa. 2001). In

contrast, "[t]he IFP statute does not explicitly categorize as frivolous a claim dismissed by reason of judicial immunity, but we will: Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of 28 U.S.C. § 1915(g)." Mills v. Fischer, 645 F.3d 176, 177 (2d Cir. 2011).

By its terms, §1915(g) provides that *in forma pauperis* status should be denied to a prisoner: "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, *brought an action or appeal* in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915(g). The plain language of §1915(g) makes it unmistakably clear that both frivolous civil actions and meritless appeals are counted in assessing these three strikes. However, the courts are mindful of the fact that virtually every appeal stems from an underlying civil action and have, therefore, adopted a careful and measured approach to assessing strikes based upon appeals in order to ensure that these strikes do not unduly multiply against a prisoner-plaintiff solely through the exercise of her appellate rights.

Adopting this careful and measured approach, it has been held that: "The plain language of the statute thus limits the application of a strike to a dismissal, not an affirmance of a dismissal. See Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir.1999)." Ali v. Howard, 353 F. App'x 667, 668 (3d Cir.

2009)  Therefore, the affirmance of a dismissal order, standing alone, will not constitute a strike for purposes of §1915(g).  Similarly, while an interlocutory appeal that is expressly dismissed by an appellate court as frivolous may count as a strike under §1915(g),  see <u>King v. Anderson</u>, 234 F. App'x 321 (5th Cir. 2007), the mere dismissal of  an interlocutory appeal for want of jurisdiction because the appeal is improvident and premature does not constitute a strike against a *pro se in forma pauperis* litigant. <u>Tafari v. Hues</u>, 473 F.3d 440 (2d Cir. 2007)

However, even this very measured approach recognizes that there are instances in which a prisoner litigant will file both a frivolous lawsuit, and a frivolous appeal. In such instances, it has been held that both the frivolous lawsuit, and the separate frivolous appeal counts as a strike under §1915(g).  As one court has aptly explained in addressing this question:

> 28 U.S.C. § 1915 allows indigent prisoners to defer paying filing fees under a structured payment plan. *See* 28 U.S.C. § 1915(b). Section 1915(g), however, denies this option to so-called "frequent filers," prisoners who have repeatedly brought legal claims dismissed as frivolous, malicious, or not stating a claim; such litigants must pay the filing fee up front. The provision reads:
>
> > In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to

16

> state a claim upon which relief may be granted, unless the
> prisoner is under imminent danger of serious physical
> injury.

Id. § 1915(g). At issue in this case is whether a plaintiff incurs one strike
or two when he (1) files a complaint that is dismissed on one of the
listed grounds and then (2) appeals that dismissal, only to have the
appeal dismissed, also on one of the listed grounds. The question, thus,
is: does § 1915(g), in referring to occasions on which a plaintiff
"brought an action or appeal," use "action" to refer *only* to proceedings
before the district court; or, as Chavis argues, does "action" mean the
entire course of a lawsuit, leaving "appeal" to refer solely to cases in
which a plaintiff appeals a non-strike district court disposition? Every
circuit court to address the matter has held that sequential dismissals
count as two strikes. *See* Jennings v. Natrona County Det. Ctr. Med.
Facility, 175 F.3d 775, 780 (10th Cir.1999); Hains v. Washington, 131
F.3d 1248, 1250 (7th Cir.1997) (per curiam); Henderson v. Norris, 129
F.3d 481, 485 (8th Cir.1997) (per curiam); Adepegba v. Hammons, 103
F.3d 383, 388 (5th Cir.1996). As the Seventh Circuit explained:

> Under this language, bringing an action and filing an
> appeal are separate acts. One could be frivolous, the other
> not. Having been told that his complaint is frivolous, a
> prisoner must decide whether to appeal. Prisoners who
> learn from their mistakes will suffer one strike, at most, in
> a case. Obstinate or malicious litigants who refuse to take
> no for an answer incur two strikes. That approach not only
> comports with the statutory language but also fortifies the
> deterrence of frivolous activities in litigation.

Newlin v. Helman, 123 F.3d 429, 433 (7th Cir.1997) (citation omitted),
overruled on other grounds by Walker v. O'Brien, 216 F.3d 626 (7th
Cir.2000), and Lee v. Clinton, 209 F.3d 1025 (7th Cir.2000). Or, as the
Fifth Circuit put it, "Congress suggests in the statute that *any* appeal
dismissed as frivolous counts against the petitioner; it makes no
exception for frivolous appeals of district court dismissals." Adepegba,

103 F.3d at 388. This majority position is the most natural reading of § 1915(g).

Chavis v. Chappius, 618 F.3d 162, 167-68 (2d Cir. 2010).   Thus, the successive dismissal of both a civil complaint, and subsequent appeal, as frivolous will constitute two strikes under §1915(g).

Once it is determined that an inmate-plaintiff has had at least three prior lawsuits or appeals dismissed "on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted," 28 U.S.C. § 1915(g) compels denial of *in forma pauperis* status and dismissal of *in forma pauperis* lawsuits unless the inmate alleges that he or she "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). With respect to this specific statutory exception, it is clear that:

> The clause "unless he is in imminent danger of serious physical injury" is an exception to the preclusive effect of the statute. But the exception is cast in the present tense, not in the past tense, and the word "is" in the exception refers back to the same point in time as the first clause, i.e., the time of filing. The statute contemplates that the "imminent danger" will exist contemporaneously with the bringing of the action. Someone whose danger has passed cannot reasonably be described as someone who "is" in danger, nor can that past danger reasonably be described as "imminent."

Abdul-Akbar v. McKelvie, 239 F.3d at 313.

18

Moreover, in making this assessment of imminent danger:

> A court need not accept all allegations of injury made pursuant to §
> 1915(g). To the contrary, a court may discredit "factual claims of
> imminent danger that are 'clearly baseless,' i.e., allegations that are
> fantastic or delusional and rise to the level of the 'irrational or wholly
> incredible.'" Gibbs v. Cross, 160 F.3d 962, 967 (3d Cir.1998) (citing
> Denton v. Hernandez, 504 U.S. 25, 33 (1992)). The Supreme Court has
> directed that, in assessing a case under 28 U.S.C. § 1915, we are not
> required to accept without question the truth of the plaintiff's
> allegations. See Denton, 504 U.S. at 32. Rather, we may be guided by
> judicially noticeable facts in determining whether the allegations are
> baseless or wholly incredible.

Brown v. City Of Philadelphia, 331 F. App'x at 900.

## B.  Application of §1915(g)'s Three Strike Rule  to This Lawsuit

In this case, the defendants first argue that application of these guiding legal

principles leads to the conclusion that, as of December 21, 2011, Ball had "three

strikes" under §1915(g), since three of her prior lawsuits or appeals were subject to

final orders of dismissal as frivolous.

We agree. In reaching this conclusion, we find that two of the prior district

court dismissals suffered by Ball, in  Ball v. Butts, No. 1:11-CV-1068 (M.D.Pa.) and

Ball v. Hartman, No. 1:09-CV-844 (M.D. Pa.), plainly constitute  strikes  under

§1915(g).  In both instances, the district court dismissed Ball's complaint for failure

to state a claim upon which relief can be granted, a grounds for invoking  §1915(g)'s

statutory preclusion.   Moreover, in both instances, Ball exhausted her appeals, rendering these decisions final orders.

We further find that the dismissal of Ball's appeal in <u>Ball v. Butts</u>, also constitutes a strike against this prisoner-plaintiff under §1915(g).  As we have noted, on September 21, 2011, the court of appeals entered an opinion and order dismissing Ball's appeal as frivolous  pursuant to 28 U.S.C. § 1915(e)(2)(B).  That appellate court opinion and order spoke unambiguously regarding the frivolous nature of this particular lawsuit filed by Ball, stating in clear and precise terms that:

> Because we too have granted Ball leave to proceed IFP, we must screen this appeal to determine whether it is frivolous. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(I). An appeal is frivolous if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). This appeal lacks any such basis. As the District Court adequately explained, immunity extends even to judicial acts that are "done maliciously," and Ball has alleged nothing suggesting that Judge Butts acted in the "clear absence of all jurisdiction." <u>Gallas v. Supreme Court of Pa.</u>, 211 F.3d 760, 769 (3d Cir.2000) (citation and internal quotation marks omitted). To the extent that Ball's request for injunctive relief might not have been subject to dismissal under § 1915(e)(2)(B)(iii), it was subject to dismissal under § 1915(e)(2)(B)(ii) because such relief is not available against "a judicial officer for an act ... taken in such officer's judicial capacity" under these circumstances. 42 U.S.C. § 1983. Finally, we are satisfied that any amendment of Ball's complaint would be futile. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 111 (3d Cir.2002). Thus, we will dismiss this appeal.

<u>Ball v. Butts</u>, No. 11-2862,  2011 WL 4375782, 1 (3d Cir. Sept 21, 2011).  This ruling, in turn, is entirely consistent with case law which unambiguously recognizes

that the dismissal of actions on grounds of absolute judicial immunity constitutes a finding that the appeal was frivolous.  <u>See</u>  <u>Mills v. Fischer</u>, 645 F.3d 176, 177 (2d Cir. 2011)("[t]he IFP statute does not explicitly categorize as frivolous a claim dismissed by reason of judicial immunity, but we will:  Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of 28 U.S.C. § 1915(g).")  Furthermore, we agree with the majority rule expressed by the courts that, in this setting the successive dismissal of both a civil complaint, and subsequent appeal, as frivolous will constitute two strikes under §1915(g).  <u>Chavis v. Chappius</u>, 618 F.3d 162, 167-68 (2d Cir. 2010)(collecting cases).

Thus we find that, effective December 21, 2011, Ball has "three strikes" against her and is, therefore, barred from proceeding *in forma pauperis* after that date in any litigation unless she can demonstrate that she "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

From this premise, which we accept, the defendants further argue that Ball's leave to proceed *in forma pauperis* in the instant case should be revoked.  Here we disagree with the defendants.  Our disagreement with the defendants on this issue is based upon our analysis of the timing of Ball's various filings and dismissals.  As we have noted, Ball incurred her third strike on December 21, 2011, when the dismissal of her appeal in <u>Ball v. Butts</u> fully ripened with the expiration of the deadline for

21

pursuing a writ of certiorari with the United States Supreme Court.  In contrast, the instant complaint was filed on October 5, 2011, almost three months before this third strike had ripened. (Doc. 1.)   In this setting, where Ball had initially filed this complaint *in forma pauperis* prior to the date upon which her third and final strike became ripe, we believe that §1915(g) should not apply since  "[a] dismissal does not qualify as a 'strike' for § 1915(g) purposes unless and until a litigant has exhausted or waived his or her appellate rights.  See Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir.1999); Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir.1996)." Lopez v. U.S. Dept. of Justice, 228 F. App'x 218 (3d Cir. 2007).

We also find that the defendants' efforts to rely upon the dismissal of interlocutory appeals lodged by Ball in Ball v. Muncy SCI-Inst., 09-1367 (3d Cir.) ( Doc. 17, Exhibit H.), on June 12, 2009, and Ball v. Hill, 10-1703 (3d Cir.)(Doc. 17, Exhibit I.), on October 6, 2010, are unavailing.   While we concede that an interlocutory appeal that is expressly dismissed as frivolous may count as a strike under §1915(g), see King v. Anderson, 234 F. App'x 321 (5th Cir. 2007), nothing in the appellate court orders entered in these two cases expressly defines either of these interlocutory appeals as frivolous. Instead, these orders simply reflect the dismissal of the interlocutory appeals for want of jurisdiction because the appeals were

improvident and premature, a circumstances which, as a matter of law, does not constitute a strike against a *pro se, in forma pauperis* litigant.  <u>Tafari v. Hues</u>, 473 F.3d 440 (2d Cir. 2007).

### III.  <u>Conclusion</u>

In short, we find that Dawn Ball's reckless and feckless course of *pro se, in forma pauperis* litigation has now run its course since, effective December 21, 2011, Ball has incurred three strikes under 28 U.S.C. §1915(g), and may not obtain leave to proceed *in forma pauperis* unless she can demonstrate that she "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  However, we also conclude that the instant complaint was filed prior to December 21, 2011, and, therefore, is not subject to § 1915(g)'s preclusive effect, since these three strikes had not become final at the time this action was commenced.  Therefore, for the foregoing reasons, the defendants' motions to revoke Ball's *in forma pauperis* status, (Docs. 51 and 58.), are DENIED.

So ordered, this 11th day of July 2012.


<u>*/s/ Martin C. Carlson*</u>
Martin C. Carlson
United States Magistrate Judge