# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN BALL, | : | |
| | : | |
| Plaintiff | : | Civil No. 1:11-CV-1829 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| LT. BUCKLEY, et al., | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants | : | |

## MEMORANDUM ORDER

## I. INTRODUCTION

Now pending before the Court is the motion of Dr. Famiglio to strike the plaintiff's statements of undisputed facts, which the Plaintiff filed in response to Dr. Famiglio's motion for summary judgment. (Doc. 91.) As support for the motion, Dr. Famiglio argues that the Plaintiff's responsive statements of fact violate the Local Rule 56.1, which governs counterstatements of material fact filed in opposition to motions for summary judgment, in that the Plaintiff's counterstatements were not directly responsive to Dr. Famiglio's own statement of facts. In addition, Dr. Famiglio complains that the Plaintiff's appendix filed at Document No. 90 does not support the paragraphs set forth in the counterstatements of material facts at Document No. 88 and 89, and do not seem

to have any relevance to the Plaintiff's allegations about the use of pepper spray alleged in this case.

The Plaintiff, Dawn Ball, opposes the motion to strike, representing that she is pro se and proceeding to the best of her ability. In addition, Ball requests that she be permitted to file an amended counterstatement of material facts in the event her original filing is stricken.

Upon consideration, we do not find it necessary to strike Ball's counterstatements of fact. We recognize that those documents do not technically conform to the requirements of the Local Rules of this Court, and we agree that the documents as filed are confusing and in many instances unresponsive or not probative of the issues in this lawsuit. Nevertheless, we do not believe it is necessary to strike the counterstatements or the appendix that Ball has filed, and we will instead consider Dr. Famiglio's motion for summary judgment and all other documents filed in support of and opposition to the motion as they are currently docketed. By proceeding in this manner, Dr. Famiglio will not be prejudiced, and the litigation will proceed without the unnecessary delay that would be caused by striking the counterstatements and directing the Plaintiff to attempt to file a new counterstatement that more closely adheres to the Local Rules of this Court.

## II. DISCUSSION

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." Fiorentino v. Cabot Oil & Gas Corp., 750 F. Supp. 2d 506, 509 (M.D. Pa. 2010) (quoting Natale v. Winthrop Resources Corp., 2008 WL 2758238 (E.D. Pa. July 9, 2008)) In general, motions to strike are disfavored, Symbol Technologies, Inc. v. Aruba Networks, Inc., 609 F. Supp. 2d 353, 356 (D. Del. 2009), and "a courts should not grant a motion to strike a defense unless the insufficiency of the defense is 'clearly apparent.'" Cipollone v. Liggett Group, Inc., 789 F.2d 181, 188 (3d Cir. 1986), rev'd on other grounds, 505 U.S. 504 (1992) (citations omitted).

Mindful of these considerations, Dr. Famiglio's motion to strike the Plaintiff's counterstatements of fact will be denied. The Court is capable of assessing the counterstatements as filed, notwithstanding their failure to conform to the Local Rules of this Court, and despite being in many instances irrelevant or inscrutable. We thus find it unnecessary to strike the documents, and conclude that striking the documents and directing new filings by the Plaintiff would

actually only serve to prolong this litigation and would otherwise be an inefficient and more confusing way to proceed.

By ruling on the motion to strike in this way, we will also summarily dispose of several related filings that currently are unresolved. We will grant Ball's motion to submit Exhibit F as part of the appendix she has filed in opposition to summary judgment, and deny her motion to strike Dr. Famiglio's declaration filed in support of his motion for summary judgment. (Doc. 94.) Plaintiff's motion and the Defendant's response do not merit a substantive discussion in this order. Suffice it to say that Ball provides no substantial basis for the Court to strike Dr. Famiglio's declaration, and nothing will be harmed by permitting Ball to include an additional exhibit as part of her opposition papers.

We will also deny Plaintiff's erroneously filed "motion" in opposition to Dr. Famiglio's motions for summary judgment (Doc. 86.), and her "motion to deny the Defendants opposition brief", (Doc. 99.). These motions simply have no basis.

## III. <u>ORDER</u>

Accordingly, IT IS HEREBY ORDERED THAT Dr. Famiglio's motion to strike (Doc. 91.) is DENIED.

IT IS FURTHER ORDERED THAT the Plaintiff's "motions" filed in opposition to Dr. Famiglio's motion for summary judgment (Doc. 86.) and in

opposition to a brief that Dr. Famiglio filed relating to another motion (Doc. 99.) are DENIED. The Court will consider Ball's brief in opposition to the motion for summary judgment (Doc. 87.) as filed.

IT IS FURTHER ORDERED THAT Plaintiff's motion for miscellaneous relief (Doc. 94.) is GRANTED insofar as it seeks permission to add Exhibit F to the appendix to the counterstatements of material fact. Exhibit F is attached an exhibit to Document No. 100 on the docket in this case. IT IS FURTHER ORDERED that the motion (Doc. 94.) is DENIED insofar as it seeks to strike Dr. Famiglio's declaration. There is no basis to strike the declaration, and the Court may consider it and give it such weight as is appropriate when considering the pending motion for summary judgment.

/S/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge

Dated: December 21, 2012